Opinion filed June 29, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed June 29, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00285-CR 

                                                     __________

 

                                       CONNIE
MCCOY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland County, Texas

 

                                                 Trial
Court Cause No. CR29585

 



 

                                                                   O
P I N I O N

 

Connie McCoy appeals from her conviction by a jury
of the offense of possession of a controlled substance, methamphetamine, in an
amount less than one gram.  The trial
court assessed her punishment at 250 days in the Texas Department of Criminal
Justice, State Jail Division.  She
contends in two points that the trial court erred by (1) refusing to instruct
the jury to disregard statements by her that resulted from a custodial
interrogation because she had not received the warning as required under Miranda[1]
and (2) admitting certain syringes into evidence because evidence of the
syringes was more prejudicial than probative under Tex. R. Evid. 403.  We
affirm.








McCoy asserts in point one that the trial court
erred by refusing to instruct the jury to disregard statements by her that
resulted from a custodial interrogation because she had not received a warning
as required under Miranda.  McCoy
made no objection to testimony showing that Midland
police officers responded to a domestic disturbance call made by McCoy=s husband Chris to the apartment she
shared with him or to testimony that, when Chris indicated his desire that she
leave the apartment, she proceeded to tell the police officers present where
methamphetamine was hidden in the apartment. 
Robby Mobley, a detective with the Midland Police Department, testified
without objection that he was called to the apartment after narcotics had been
found.  He testified, again without
objection, that McCoy said that she and her husband Ahad
worked for a prison before and knew various locations and good places to hide
the drugs.@  Just after that testimony was elicited,
counsel for McCoy asked for a bench conference. 
McCoy=s counsel
said, AIt is
obvious to me by the time that this witness arrived at this apartment, Connie
McCoy was in custody.  There has been no
predicate that a Miranda warning was ever given.@  The prosecutor responded, AShe wasn=t
in custody yet.  It wasn=t until after they found the drugs in
the -- I can ask him.@  At that point, McCoy=s
counsel responded, AOkay.@ 
The court then instructed the prosecutor to make sure she did not go Ainto the other stuff that he has
objected to.@








When questioning of Detective Mobley continued, he
testified that the arresting officer=s
statement to the effect that McCoy was handcuffed after methamphetamine was
found in the bathroom probably comported with his memory.  He related that McCoy was describing places
in the apartment where drugs might be hidden. 
He testified without objection that, based on the information that McCoy
gave them, officers found a small package of methamphetamine poked down the
shower rod in the bathroom and that McCoy admitted to being a drug user.  On cross-examination, Detective Mobley said
he would assume that McCoy was being detained when he arrived.  He acknowledged that he had not given McCoy a
Miranda warning.  Shortly after
this testimony, McCoy=s
counsel asked the trial court for an instruction to the jury to disregard
everything McCoy told Detective Mobley because she was in custody and no Miranda
warning was given.  The trial court
overruled the request.  Subsequently,
Detective Mobley testified that McCoy was talking to the officers and Acame out more or less telling where the
places in the apartment to look.@  When McCoy=s
counsel asked Detective Mobley if McCoy responded to what he was asking her, he
replied, AI wasn=t asking her.  She was just responding on her own.@

McCoy relies on the holding in Miranda, 384
U.S. 436, that what has become known as the Miranda warning must be
given to a suspect or statements resulting from custodial interrogation may not
be admitted against him or her.  Id. at 467.  She states, without any citation to the
record, that Detective Mobley admitted he questioned McCoy after he arrived.

We first note that Detective Mobley testified as
to more than one statement made by McCoy after he arrived, all without
objection.  If we construe McCoy=s request to disregard the statements
as an objection, it was untimely.  So was
the request for an instruction to disregard. 
We hold, therefore, that nothing is presented for review.  See Ranson v. State, 707 S.W.2d 96, 99
(Tex. Crim. App. 1986).  We also note
that, contrary to McCoy=s
assertion, Detective Mobley did not admit that he questioned McCoy after he
arrived.  Rather, he testified, AI wasn=t
asking her.  She was just responding on
her own.@  McCoy makes no reference to the record
showing that any of her statements were the result of interrogation, as opposed
to voluntary statements.  McCoy presents
no authority suggesting that Miranda warnings are required where
statements are not the result of custodial interrogation, and we are not aware
of any.  We overrule point one. 

McCoy contends in point two that the trial court
erred in admitting certain syringes into evidence because the evidence was more
prejudicial than probative under Rule 403. 
Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence. 
Rule 403.  A Rule 403 balancing
test includes the following factors:

!                  
            (1)
how compellingly the evidence serves to make a consequence more or less
probableCa factor
related to the strength of the evidence presented by the proponent to show the
defendant in fact committed the extraneous offense;

 

!                  
            (2)
the potential the evidence has to impress the jury in some irrational but
nevertheless indelible way; 

 

!                  
            (3)
the time the proponent will need to develop the evidence, during which the jury
will be distracted from consideration of the indicted offense;








 

!                  
            (4)
the force of the proponent=s
need for this evidence to prove a fact of consequence, i.e., does the proponent
have other probative evidence available to help establish this fact, and is
this fact related to an issue in dispute.  
        

 

See Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000).  We will reverse only upon a clear abuse of
discretion.  Id.  The syringes in question were found in a
drawer that contained Q-tips, makeup, and cotton swabs, all indicating that a
female used the drawer.  We take judicial
notice that illegal substances are frequently administered by injection.  Consequently, the evidence was highly
relevant as to whether McCoy knowingly possessed the drugs located in the
apartment she shared with her husband. 
While this evidence might impress the jury, it would not be in an
irrational way.  It took little time to
develop this evidence.  Counsel for McCoy
raised the issue of whether McCoy possessed the methamphetamine in question,
both in voir dire and in his closing statement. 
The issue of McCoy=s
possession was in dispute.  Because McCoy=s husband also occupied the premises,
it was significantly important for the State to show a link between McCoy and
the methamphetamine found.  We hold that
the trial court did not abuse its discretion in overruling McCoy=s Rule 403 objection.  

McCoy suggests that, since there was no evidence
methamphetamine could be injected by the syringes, the jury would be left to
speculate whether they might be used to ingest other drugs.  She makes no reference to any evidence or
statement presented by the State before the jury suggesting that either McCoy
or her husband had been using other drugs. 
Under the evidence presented, we see nothing about the presence of the
syringes that would confuse the jury or cause it to speculate that McCoy used
or was in possession of other drugs.  We
overrule point two.

The judgment is affirmed.

 

PER CURIAM

June 29, 2006

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel consists of:  McCall,
J., and

Strange, J., and Hill, J.[2]











[1]Miranda v. Arizona, 384 U.S.
436 (1966).





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.